ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

BONNIE BALLARD, Trial Attorney
Wildlife & Marine Resources Section
BRIAN R. HERMAN, Senior Trial Attorney
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 532-5567 (Ballard)
Email: bonnie.m.ballard@usdoj.gov
Phone: (202) 532-3278 (Herman)
Email: Brian.Herman@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, and LAURA LEIGH, individually, and on behalf of WILD HORSE EDUCATION, TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION, and REWILDING AMERICA NOW, a non-profit corporation, *Plaintiffs,* v. U.S. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, Principal Deputy Director and Acting Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management, *Defendants.* | Case No. 3:25-cv-00577-ART-CSD **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants, the U.S. Department of Interior, the Bureau of Land Management, Bill Groffy, in his official capacity as Principal Deputy Director and Acting Director of the Bureau of Land Management, and Jon Raby, in his official capacity as Nevada State Director of the Bureau of Land Management, hereby submit this Answer in response to Plaintiffs' Complaint. Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1. Defendants admit the allegations in the first sentence of Paragraph 1. The remaining allegations in Paragraph 1 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 5, and on that basis deny the same.

6. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 6, and on that basis deny the same.

7. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 7, and on that basis deny the same.

8. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 8, and on that basis deny the same.

9. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 9, and on that basis deny the same.

10. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 10, and on that basis deny the same.

11. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 11, and on that basis deny the same.

12. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 12, and on that basis deny the same.

13. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 13, and on that basis deny the same.

14. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 14, and on that basis deny the same.

15. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 15, and on that basis deny the same.

16. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 16, and on that basis deny the same.

17. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 17, and on that basis deny the same.

18.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 18, and on that basis deny the same.

19.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 19, and on that basis deny the same.

20.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 20, and on that basis deny the same.

21.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 21, and on that basis deny the same.

22.     Paragraph 22 contains legal conclusions to which no response is required. If Paragraph 22 can be considered as making factual allegations, Defendants deny the same.

23.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 23, and on that basis deny the same.

24.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 24, and on that basis deny the same.

25.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 25, and on that basis deny the same.

26.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 26, and on that basis deny the same.

27.     Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 27, and on that basis deny the same.

28.     Paragraph 28 contains both legal conclusions and factual allegations. No response to the legal conclusions is required. Defendants lack knowledge or information sufficient to respond to the factual allegations and on that basis deny the same.

29.    Paragraph 29 primarily contains Plaintiffs' characterization of this case and their legal theory, to which no response is required. If Paragraph 29 contains any factual allegations, Defendants lack knowledge or information sufficient to respond and on that basis deny the same.

30.    Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 30, and on that basis deny the same.

31.    Paragraph 31 contains legal conclusions to which no response is required.

32.    Defendants admit the allegations of Paragraph 32.

33.    Defendants admit the allegations of Paragraph 33.

34.    Defendants admit the allegations of Paragraph 34.

35.    The allegations of Paragraph 35 purport to characterize provisions of the regulations implementing the Wild Free-Roaming Horses and Burros Act ("Wild Horse Act"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

36.    The allegations of Paragraph 36 purport to characterize provisions of the regulations implementing the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

37.    The allegations of Paragraph 37 purport to characterize provisions of the regulations implementing the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

38.    The allegations of Paragraph 38 purport to characterize provisions of the Wild Horse Act, its implementing regulations, and the BLM's Wild Horses and Burros Management

Handbook ("WHB Handbook"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute, regulations, or WHB Handbook.

39.    The allegations of Paragraph 39 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

40.    The allegations of Paragraph 40 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

41.    The allegations of Paragraph 41 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

42.    The allegations of Paragraph 42 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

43.    The allegations of Paragraph 43 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

44.    The allegations of Paragraph 44 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

45. The allegations of Paragraph 45 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

46. The allegations of Paragraph 46 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

47. The allegations of Paragraph 47 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

48. The allegations of Paragraph 48 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

49. The allegations of Paragraph 49 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

50. The allegations of Paragraph 50 purport to characterize provisions of the BLM's 2020 Report to Congress entitled An Analysis of Achieving a Sustainable Wild Horse and Burro Program ("2020 Report"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the report.

51. The allegations of Paragraph 51 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

52.    The allegations of Paragraph 52 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

53.    The allegations of Paragraph 53 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

54.    The allegations of Paragraph 54 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

55.    The allegations of Paragraph 55 purport to characterize provisions of the BLM's Rangeland Health Standards Handbook ("Rangeland Health Handbook"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the Rangeland Health Handbook.

56.    The allegations of Paragraph 56 purport to characterize provisions of the BLM's regulations that implement the Taylor Grazing Act and the Rangeland Health Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the grazing regulations and the Rangeland Health Handbook.

57.    The allegations of Paragraph 57 purport to characterize provisions of the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

58.    The allegations of Paragraph 58 purport to characterize provisions of the Wild Horse Act and the WHB Handbook, which speak for themselves and are the best evidence of their

8

contents. Defendants deny any allegations inconsistent with the plain language of the statute and policy.

59.    The allegations of Paragraph 59 purport to characterize provisions of the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

60.    The allegations of Paragraph 60 purport to characterize provisions of the Wild Horse Act and a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and the opinion.

61.    The allegations of Paragraph 61 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the opinion.

62.    The allegations of Paragraph 62 purport to characterize provisions of the Wild Horse Act and a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and the opinion.

63.    The allegations of Paragraph 63 purport to characterize provisions of the Wild Horse Act, the WHB Handbook, and several federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute, WHB Handbook, and opinions.

64.    The allegations of Paragraph 64 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

65.    The allegations of Paragraph 65 purport to characterize provisions of several federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the opinions.

66.    The allegation in Paragraph 66 purports to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that statute.

67.    The allegation in Paragraph 67 purports to characterize NEPA's former regulations, which spoke for themselves and were the best evidence of their contents. Defendants deny any allegations inconsistent with those regulations.

68.    The allegations in Paragraph 68 purport to characterize NEPA and its former regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the statute and those regulations.

69.    The allegations in Paragraph 69 purport to characterize NEPA's former regulations and a court decision, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the regulations or court decision.

70.    The allegations in Paragraph 70 purport to characterize NEPA's former regulations and a court decision, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the regulations or court decision.

71.    The allegation in Paragraph 71 purports to characterize NEPA's former regulations, which spoke for themselves and were the best evidence of their contents. Defendants deny any allegations inconsistent with those regulations.

72. The allegations in Paragraph 72 purport to characterize several court decisions. Those decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

73. The allegations in Paragraph 73 purport to characterize several court decisions. Those decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

74. The allegations in Paragraph 74 purport to characterize a Bureau of Land Management document and several court decisions. That document and those court decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the BLM document or those decisions.

75. The allegations in Paragraph 75 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that decision.

76. The allegations in Paragraph 76 purport to characterize NEPA's former regulations and court decisions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the regulations or court decisions.

77. The allegations in Paragraph 77 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that decision.

78. The allegations in Paragraph 78 purport to characterize several court decisions. Those decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

79.    The allegations in Paragraph 79 purport to characterize several court decisions. Those decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

80.    The allegations in Paragraph 80 purport to characterize NEPA and a court decision, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with NEPA or the court decision.

81.    The allegations in Paragraph 81 purport to characterize several court decisions. Those decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

82.    The allegations in Paragraph 82 purport to characterize several court decisions. Those decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

83.    The allegations in Paragraph 83 purport to characterize several court decisions. Those decisions speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

84.    The allegations in Paragraph 84 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that decision.

85.    The allegations in Paragraph 85 purport to characterize several court decisions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

86.    The allegations in Paragraph 86 purport to characterize a statute and regulation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the statute or regulation.

87.    The allegations in Paragraph 87 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that decision.

88.    The allegations in Paragraph 88 purport to characterize the Administrative Procedure Act ("APA") and a court decision, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the APA or that decision.

89.    The allegations in Paragraph 89 purport to characterize several court decisions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

90.    The allegations in Paragraph 90 purport to characterize several court decisions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

91.    The allegations in Paragraph 91 purport to characterize several court decisions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those decisions.

92.    The allegations of Paragraph 92 purport to characterize provisions of the Final Environmental Assessment (EA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Final EA..

93.     The allegations of Paragraph 93 purport to characterize provisions of the Final Environmental Assessment (EA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Final EA..

94.     The allegations of Paragraph 94 purport to characterize provisions of the Final Environmental Assessment (EA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Final EA.

95.     The allegations of Paragraph 95 purport to characterize provisions of the Ely District Resource Management Plan (Ely RMP), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Ely RMP.

96.     The allegations of Paragraph 96 purport to characterize provisions of the Final EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Final EA.

97.     The allegations of Paragraph 97 purport to characterize provisions of the Tonopah Resource Management Plan (Tonopah RMP), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Tonopah RMP.

98.     The allegations of Paragraph 98 purport to characterize provisions of the Final EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Final EA.

99.     The allegations of Paragraph 96 purport to characterize provisions of the 1986 Humboldt National Forest Land & RMP and a 1997 management plan, which speak for themselves

14

and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the two plans.

100. The allegations in the first and second sentences of Paragraph 100 purport to characterize provisions of the Ely RMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Ely RMP. Defendants admit the allegations in the third sentence of Paragraph 100. Defendants deny the allegations in the fourth sentence of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants admit the allegations of the first two sentences of Paragraph 102. The remaining allegations of Paragraph 102 purport to characterize provisions of a federal court opinion. Defendants deny any allegations inconsistent with the plain language of the opinion.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants admit the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants admit the allegations of Paragraph 106.

107. Defendants admit that the BLM issued a Decision Record that approved the Pancake Complex Wild Horse Gather and Herd Management Area Plan (Pancake Plan) on March 4, 2025. The remaining allegations in Paragraph 107 purport to characterize provisions of that decision and the Pancake plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Pancake plan.

108. The allegations in Paragraph 108 purport to characterize provisions of the Pancake Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Pancake plan.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

111. The allegations in Paragraph 111 purport to characterize provisions of the Pancake Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Pancake plan.

112. The allegations in paragraph 112 are vague and ambiguous and are denied on that basis.

113. The allegations in Paragraph 113 purport to characterize provisions of the Pancake Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the plan.

114. The allegations in Paragraph 114 purport to characterize provisions of the public comments received by the BLM and the BLM's responses, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the comments and responses.

115. The allegations in Paragraph 115 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116. The allegations in Paragraph 116 purport to characterize provisions of the Pancake Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Pancake plan.

117. The allegations in Paragraph 117 purport to characterize provisions of the Pancake Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Pancake plan.

118.   The allegations in Paragraph 118 purport to characterize provisions of the Pancake Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language of the Pancake plan.

119.   Defendants deny the allegations in Paragraph 119.

120.   Defendants deny the allegations in Paragraph 120.

121.   Defendants deny the allegations in Paragraph 121.

122.   Defendants deny the allegations in Paragraph 122.

123.   Defendants deny the allegations in Paragraph 123.

124.   The allegations in Paragraph 124 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.   The allegations in Paragraph 125 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.   The allegations in Paragraph 126 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.   Defendants deny the allegations in Paragraph 127.

128.   Defendants deny the allegations in Paragraph 128.

129.   Defendants deny the allegations in Paragraph 129.

130.   Defendants admit the allegations in Paragraph 130.

131.   Defendants deny the allegations in Paragraph 131.

132.   Defendants incorporate all previous responses as if fully set forth herein.

133.   The allegations in Paragraph 133 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.    The allegations in Paragraph 134 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141.    Paragraph 141 contains a prayer for relief and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

142.    Defendants incorporate all previous responses as if fully set forth herein.

143.    Paragraph 143 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.    Paragraph 144 contains a legal conclusion to which no response is required. If Paragraph 144 can be construed to contain any factual allegations, Defendants lack knowledge or information sufficient to respond to them and on that basis deny the allegations.

145.    Paragraph 145 contains a prayer for relief and legal conclusions, to which no response is required. If any response could be deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

146.    Defendants incorporate all previous responses as if fully set forth herein.

147.    Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149.    Paragraph 149 contains a legal conclusion to which no response is required. If Paragraph 149 can be construed to contain any factual allegations, Defendants lack knowledge or information sufficient to respond to them and on that basis deny the allegations.

150.    Paragraph 150 contains a prayer for relief and legal conclusions, to which no response is required. If any response could be deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**PRAYER FOR RELIEF**

The remainder of the Complaint constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**GENERAL DENIAL**

Defendants deny each and every allegation in the Complaint that is not specifically admitted or otherwise responded to in this Answer.

Dated: March 19, 2026                    Respectfully submitted,


                                         ADAM R.F. GUSTAFSON
                                         Principal Deputy Assistant Attorney General

                                         */s/ Bonnie Ballard*
                                         BONNIE BALLARD, Trial Attorney
                                         (MD Bar No. 2211280027)
                                         Wildlife & Marine Resources Section
                                         Phone: (202) 523-5567
                                         Email: bonnie.m.ballard@usdoj.gov

                                         BRIAN R. HERMAN, Senior Trial Attorney
                                         Natural Resources Section
                                         P.O. Box 7611, Ben Franklin Station
                                         Washington, DC 20044-7611
                                         Phone: (202) 532-3278
                                         Email: Brian.Herman@usdoj.gov

                                         *Attorneys for Defendants*