ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

BONNIE BALLARD, Trial Attorney
Wildlife & Marine Resources Section
BRIAN R. HERMAN, Senior Trial Attorney
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 532-5567 (Ballard)
Email: bonnie.m.ballard@usdoj.gov
Phone: (202) 532-3278 (Herman)
Email: Brian.Herman@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

WILD HORSE EDUCATION, and LAURA LEIGH, individually, and on behalf of WILD HORSE EDUCATION, TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION, and REWILDING AMERICA NOW, a non-profit corporation,

*Plaintiffs,*

v.

U.S. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, Principal Deputy Director and Acting Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management,

*Defendants.*

Case No. 3:25-cv-00577-ART-CSD

**JOINT CASE MANAGEMENT REPORT**

**SPECIAL SCHEDULING REVIEW REQUESTED**

Pursuant to the Court's Order Setting Case Management Conference (ECF No. 22), Federal Rule of Civil Procedure 16, and Local Rule 16-1(c)(1), Plaintiffs and Federal Defendants (collectively "the Parties"), hereby submit a Joint Case Management Report for the above-captioned action. As required by the Court's Order, on April 23, 2026, the Parties telephonically met and conferred.

1. **Nature of the Case:**

This case concerns Bureau of Land Management's ("BLM") Final Environmental Assessment for the Pancake Complex Wild Horse Gather & Herd Management Plan, and its associated Finding of No Significant Impact and Decision Record, which were issued on March 4, 2025 (collectively, the "Pancake Plan"). The adopted plan contains two actions: a herd management area plan ("HMAP") and a gather plan.

a. **Plaintiffs' claims**

Plaintiffs' Complaint contains three causes of actions based on Federal Defendants' alleged violations of the Wild Free-Roaming Horses and Burros Act ("WHA"), 16 U.S.C. § 1331, *et seq.*, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1732 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*

**First Cause of Action:** BLM violated the WHA and APA when it adopted the Pancake Plan. Defendants have a duty to prepare HMAPs for all HMAs. 43 C.F.R. § 4710.4. The process for developing an HMAP and identification of HMAP components are defined by BLM's Wild Horses and Burros Management Handbook. BLM did not adhere to this process nor include necessary HMAP components in the Pancake Plan. In adopting a gather plan with the Pancake Plan, Defendants violated the WHA's requirements regarding overpopulation determinations,

2

necessity determinations, immediacy, consultation, and appropriate management levels. 16 U.S. Code § 1333.

**Second Cause of Action:** BLM violated FLPMA and the APA when it adopted the Pancake Plan. The Pancake Plan does not conform to applicable land use plans, including the 2008 Ely RMP, 1997 Tonopah RMP, and 1986 Humboldt National Forest Land & RMP. 43 C.F.R. § 1610.5-3(a). BLM also failed to comply with FLPMA's multiple use mandate. 43 U.S. Code § 1701.

**Third Cause of Action**: In adopting the Pancake Plan BLM violated NEPA and the APA by (1) failing to analyze all direct, indirect, and cumulative impacts, (2) relying on AMLs that were administratively set and not based on evidence, analysis or scientific studies, (3) failing to disclose relevant information and data to decision-makers and the public, (4) failing to reasonably respond to public comment, (5) relying on an unsubstantiated and narrowly drawn purpose and need statement, (6) failing to establish any baseline, (7) failing to analyze reasonable alternatives, (8) failing to ensure scientific integrity in the agency's analysis, (9) tiering to documents that had not been reviewed under NEPA, and (10) adopting a predetermined outcome. To the extent Defendants interpret the gather plan in the Pancake Plan to allow removal of more horses than the BLM currently has determined are in excess and/or to interpret the gather plan to allow maintenance gathers, Defendants violate NEPA's requirements regarding action being limited to the scope of analysis.

**b. Federal Defendants' Defenses**

Federal Defendants deny that Plaintiffs have pled cognizable claims and deny that Plaintiffs are entitled to any relief.

**2. Jurisdiction:** Plaintiffs' asserted bases for federal jurisdiction are 5 U.S.C. §

706, 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

3.   **Additional Parties:** The Parties do not expect to add additional parties to the case or otherwise amend the pleadings at this time.

4.   **Pending Motions:** There are no pending motions.

5.   **Related Cases:** There are no cases related to this one.

6.   **Discovery:** The Parties agree that this case will be resolved through judicial review of BLM's administrative record. Extra-record evidence, including the taking of discovery, is allowed only through limited exceptions and the Parties are not obligated to follow the Federal Rule of Civil Procedure 26 discovery process. Fed. R. Civ. P. 26(a)(1)(B)(i); D. Nev. Civ. R. 16-1(c)(1). The Parties have conferred, and neither Plaintiffs nor Federal Defendants intend at this time to seek discovery. If any Party decides to deviate from this plan and seek discovery, the Parties agree that leave of Court is required.

7.   **ESI:** This section is inapplicable because this is a case for review on an administrative record.

8.   **Scheduling Order**: Local Rule 16-1(c) provides that cases such as this one— "actions for review on an administrative record"—are to be "governed by an entry or an order establishing a briefing schedule and other appropriate matters." Accordingly, the Parties have agreed to a schedule for resolution of this action via cross-motions for summary judgment after submission of the administrative record by Federal Defendants. Moreover, the Parties have agreed to a schedule for informal resolution or, if necessary, briefing of any disputes regarding the completeness of the administrative record. However, to the extent that Plaintiffs seek to rely on extra-record evidence, the Parties disagree as to whether any dispute regarding the introduction of extra-record evidence should be briefed at the same time as briefing on the completeness of the

administrative record, before briefing on summary judgment. The Parties' positions on this issue are set forth below.

**Defendants' Position:** Defendants' position is that it would be more efficient to resolve all issues related to the contents of the administrative record prior to filing summary judgment briefs. That would provide the parties and the Court clarity about the completeness of the administrative record and the scope of judicial review before filing any merits briefs. Filing record motions simultaneously with merits briefs would also invite motions to strike material not already admitted into the record (and arguments reliant upon such material), which would result in unnecessary paper filed with the Court. Briefing all record disputes simultaneously would also eliminate the need for multiple record motions. Should the Court adopt Plaintiffs' proposal for filing record motions simultaneously with merits briefs, Defendants respectfully ask that they be afforded 45 days between Plaintiffs' opening summary judgment brief and Defendants' consolidated Cross-Motion for Summary Judgment Response to Plaintiffs' Motion for Summary Judgment to allow sufficient time to adequately address multiple briefs.

**Plaintiffs' Position**: Plaintiffs' position is that extra-record evidence is simply not part of the administrative record, so forcing Plaintiffs to engage in motion practice over extra-record evidence months before summary judgment is due while simultaneously trying to review and evaluate several thousands of pages of record materials for adequacy and completeness is prejudicial to Plaintiffs' ability to prepare for this case. Plaintiffs have never agreed nor been required to secure the government's early position regarding judicially noticeable records that are not part of the administrative record or engage in motion practice over extra-record evidence, such as judicially noticeable records, many months before summary judgment is due. Plaintiffs agree to

give Defendants 45 days to respond to Plaintiffs' motion for summary judgment and any request for judicial notice as requested by Defendants above.

**Administrative Record**

- Federal Defendants shall file and serve the certified administrative record by June 26, 2026.

- Plaintiffs shall notify Federal Defendants whether they believe the administrative record is incomplete or requires supplementation with additional materials or whether they believe any exceptions to record review are applicable by July 10, 2026.

- If the Parties cannot resolve any disputes regarding the administrative record, Plaintiffs will file a motion to complete and/or supplement the record by July 24, 2026.
  - o Federal Defendants' opposition will be due by August 14, 2026.
  - o Plaintiffs' reply will be due by August 28, 2026.

- If Plaintiffs file a motion related to the administrative record, the Parties agree that the summary judgment schedule outlined below will be vacated, and the Parties shall confer and submit a revised proposed schedule for summary judgment to the Court within fourteen days after the Court resolves the Administrative Record motion(s).

**Cross-Motions Summary Judgment**

- If there are no administrative record disputes, the Parties agree to the following schedule for resolution of this case via cross-motions for summary judgment:
  - o Plaintiffs shall file their Motion for Summary Judgment by July 24, 2026, which can be up 30 pages per LR 7-3(a).
  - o Defendants shall file their combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion by August 21, 2026, which can be up to 30 pages per LR 7-3(a).

- o  Plaintiffs shall file their combined Reply to Federal Defendants' Opposition and Opposition to Federal Defendants' Motion by September 4, 2026, which can be up to 20 pages per LR 7-3(a).

- o  Federal Defendants shall file their Reply to Plaintiffs' Opposition by September 18, 2026, which can be up to 20 pages per LR 7-3(a).

9. **Jury Trial:** This section is inapplicable because this is a case for review on an administrative record.

10. **Settlement:** After meeting and conferring, the Parties do not anticipate that this matter will be resolved via settlement. Thus, the Parties do not believe that assignment of this case to a court-sponsored settlement conference is appropriate at this time. If settlement discussions do occur and counsel believe that there is a possibility that such discussions could be enhanced through such a conference, counsel will contact the Court.

11. **Magistrate Judge:** The Parties do not consent to a magistrate judge and would like to proceed before the district judge.

12. **Bifurcation:** The Parties do not request bifurcation or phasing of trial at this time.

Dated: May 6, 2026                    Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Bonnie Ballard*
BONNIE BALLARD, Trial Attorney
(MD Bar No. 2211280027)
Wildlife & Marine Resources Section
Phone: (202) 523-5567
Email: bonnie.m.ballard@usdoj.gov

BRIAN R. HERMAN, Senior Trial Attorney

7

Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 532-3278
Email: Brian.Herman@usdoj.gov

*Attorneys for Defendants*


*/s/ J. Rae Lovko*
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*