BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(California Bar No. 314898, pro hac vice)
J. RAE LOVKO
(California Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>*Federal Defendants*. | CASE NO. 3:23-cv-00568-ART-CSD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, Declaration of Jessica L. Blome, and exhibit attached thereto, together with all prior pleadings and proceedings had herein, Plaintiffs hereby move this Court and request that this Court take judicial notice of an excerpt from the U.S. Department of the Interior Handbook of National

Environmental Policy Act Implementing Procedures, February 2026, under Federal Rule of Evidence 201(b). This Request for Judicial Notice is being filed concurrently with and in support of Plaintiffs' Motion for Summary Judgment.

Dated: September 22, 2026

Respectfully Submitted,

*/s/ Jessica L. Blome*

Jessica L. Blome
(Cal. Bar No. 314898, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs move this Court to take judicial notice of an excerpt from the U.S. Department of the Interior Handbook of National Environmental Policy Act Implementing Procedures, February 2026, under Federal Rule of Evidence 201(b). The Court may take judicial notice of this excerpt because it is relevant in establishing Defendants' mandatory duty continues to require evaluating localized baseline conditions when addressing issues directly relevant to the specific action at hand, and in particularly when tiering to project-level documents related to monitoring and implementing decisions under the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, *et seq.,* as well as National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*

This Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). FRE 201 further provides that the Court "may take judicial notice on its own" and "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c)(1)-(2).

Documents which may be considered for judicial notice pursuant to Rule 201 include federal register documents, and other government documents, including reports of government bodies and records found on government websites. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018); *Democratic Nat'l Comm. v. Reagan*, 329 F. Supp. 3d 824, 855 n.12 (D. Ariz. 2018); *Longo v. Seminole Indian Casino-Immokalee*, 813 F.3d 1348, 1349 n.2 (11th Cir. 2016); *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1320 (S.D. Cal. 2014); *FAS Capital, LLC v. Carr*, 7 F. Supp. 3d 1259, 1266 (N.D. Ga. 2014). Dictionary definitions are also a proper subject for judicial notice. *See Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).

The excerpt from the U.S. Department of the Interior Handbook of National Environmental Policy Act Implementing Procedures, February 2026, contains Section 3.2,

mandating that tiering to documents focus on site specific conditions. *See* Declaration of Jessica L. Blome ISO Request for Judicial Notice, Exh. A. The content was downloaded from the government website, "doi.gov" website in its entirety but excerpted in relevant part to avoid presenting a large exhibit to the Court. It is being submitted as evidence of the updated and current NEPA framework that continues to establish that tiered-project level documents must focus on specific conditions and cannot rely on a broad programmatic review but must include site-, phase-, or stage- specific conditions.

For these reasons, Plaintiffs respectfully request this Court to take judicial notice of the document.

Dated: September 22, 2026

Respectfully Submitted,

*/s/ Jessica L. Blome*

Jessica L. Blome
(Cal. Bar No. 314898, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Jessica L. Blome*
Jessica L. Blome